UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-5353-DSF<br>CR 07-1080-DSF | Date | 12/21/09 |
|---|---|---|---|

Title  *United States of America v. Rashad Edmund White*

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Motion to Vacate a Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1)

## I. BACKGROUND

On September 27, 2007, the government filed an indictment charging Defendant and other individuals with racketeer-related offenses. At the time the indictment was filed, Defendant was serving a four-year prison sentence on a state conviction.

After the indictment was filed, Defendant entered into a plea agreement with the government and pleaded guilty to one charge of using a telephone to purchase drugs. As part of the plea agreement, Defendant waived all rights of appeal and collateral attack, except those based on ineffective assistance of counsel. (Plea Agreement, Mot. to Dismiss, Ex. A, ¶¶ 15(g)-(h), 19.) On October 6, 2008, Defendant was sentenced to 18 months imprisonment followed by one year of supervised release. (Sentencing Hearing, Mot. to Dismiss, Ex. C at 5-6.)

Defendant filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He claims his 18-month federal prison term should have run concurrently with the remainder of his state prison term instead of running consecutively. (Def.'s Mot. at 13.) The government moved to dismiss the motion, arguing that Defendant's claims are barred by his waiver of appellate rights in the plea agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

## II.  LEGAL STANDARD

Statutory rights of appeal or collateral attack may be waived by a criminal defendant in a valid plea agreement.  United States v. Leniear, 574 F.3d 668, 672 & n.3 (9th Cir. 2009) (citing United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993)); United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990).  In such circumstances, waiver promotes public policies of expediency and finality of judgment.  Navarro-Botello, 912 F.2d at 321-22.

Waiver of appellate rights is enforceable against the defendant's claims where (1) the claims fall within the scope of the waiver and (2) the waiver was knowingly and voluntarily made.  Leniear, 574 F.3d at 672 (quoting United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005)).  The scope of waiver is determined by the express language of the plea agreement.  Id.

Waiver is defeated only if (1) a defendant's guilty plea failed to comply with Federal Rule of Criminal Procedure 11, (2) the sentencing judge informed the defendant that he or she retained the right to appeal, (3) the sentence does not comport with the terms of the plea agreement, or (4) the sentence is illegal.  United States v. Bibler, 486 F.3d 557, 559 (9th Cir. 2007).

## III.  DISCUSSION

Defendant's plea agreement expressly states that, with the exception of ineffective assistance claims, all grounds for appeal are waived.  (Plea Agreement ¶¶ 15(g)-(h), 19.)  Because none of the claims in the § 2255 motion involve ineffective assistance, all of Defendant's claims fall directly within the scope of the waiver. Therefore, if the waiver is valid and enforceable, Defendant's motion must be denied.

Defendant does not contend that his waiver was not knowingly and voluntarily made.  "[A] waiver of the right to appeal is knowing and voluntary where the plea agreement as a whole was knowingly and voluntarily made."  Jeronimo, 398 F.3d at 1154.  Here, the record demonstrates that the conditions of the plea agreement were brought to Defendant's attention repeatedly – both in the extensive questioning at the plea hearing and in the express terms of the plea agreement itself, which Defendant signed.

Furthermore, none of the factors invalidating waiver is present in this case.  First, Defendant does not claim that his guilty plea violated Federal Rule of Criminal Procedure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

11.  See, e.g., id. at 1154-55.  Second, far from suggesting Defendant had a right of appeal, the judge at the plea hearing specifically asked whether Defendant understood the portion of the plea agreement waiving his appellate rights.  (Plea Hearing, Mot. to Dismiss, Ex. B at 12.)  Third, the sentence directly comported with the plea agreement, imposing a sentence of 18 months imprisonment, the high-end sentence for a level 6 offense, as agreed by the parties.  (See Plea Agreement ¶ 13; Sentencing Hearing at 4-5.)  Fourth, as the sentence does not exceed the maximum statutory penalty of four years, (see Plea Hearing at 7), the sentence is not illegal.  Bibler, 486 F.3d at 559 (citing United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir. 1986)).

Thus, Defendant's waiver of the right to appeal was valid and enforceable, and the claims asserted in Defendant's § 2255 motion fall directly within the scope of that waiver.  Although Defendant is correct that § 2255 motions are appropriate where a sentence is "subject to collateral attack," (see Def.'s Mot. at 10-11), Defendant opted to forgo such motions when he entered the plea agreement.  Defendant's motion must be denied.

Because it is apparent on this record that Defendant cannot succeed on his § 2255 motion, no evidentiary hearing is required.  28 U.S.C. § 2255(b).  In addition, the Court declines to grant a Certificate of Appealability, which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2). This standard is met only if "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).  Defendant has not made a sufficient showing to warrant a certificate of appealability.

## IV.  CONCLUSION

For these reasons, Defendant's motion is DENIED.


IT IS SO ORDERED.